```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT

DAVID MARES,                          :
                                      :
            Plaintiff,                :
                                      :
      v.                              :   Case No. 2:11-CV-00172
                                      :
MARK STUPIK, ZAK WINSTON              :
TIMOTHY BOMBARDIER,                   :
BAREE CITY POLICE DEPARTMENT          :
and BARRE CITY                        :
                                      :
            Defendants.               :
```

**OPINION and ORDER**

Plaintiff David Mares filed suit in Washington County Superior Court under 42 U.S.C. § 1983 alleging violation of his Fourth Amendment rights. He also filed claims for common law assault and battery. Defendants Timothy Bombardier, Barre City Police Department ("BCPD"), and Barre City, removed the action to this Court. Defendant Mark Stupik later consented to the removal. Defendant Zak Winston has not been served in this action, has received no notice of the complaint, and has not consented to removal.

Defendant BCPD has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mares has moved to remand the suit to state court. Mares has also moved for enlargement of the time frame by which he may serve Defendant Winston, or alternatively, for leave to serve Winston by publication.

The Court has determined that a hearing on these motions is unnecessary. For the reasons that follow, Defendant BCPD's motion to dismiss is GRANTED, Plaintiff's motion to remand is DENIED, Plaintiff's motion to enlarge time for service is GRANTED, and Plaintiff's motion for leave to serve by publication is DENIED.

**FACTUAL BACKGROUND**

On the evening of June 21, 2010, Plaintiff, David Mares, called 911 for medical assistance for a guest at his home. Defendant Zak Winston, a Barre City police officer at the time, responded to the call. "Upon Defendant Winston's arrival at the Plaintiff's residence, the Plaintiff repeatedly instructed the Defendant to leave the premises indicating that he was waiting for an ambulance to assist his guest and did not need police assistance." (Complaint ¶ 13.) Mares alleges that Winston then handcuffed him and "intentionally kicked and hit [him] repeatedly." (Complaint. ¶¶ 14-15.) Mares further alleges that Defendant Mark Stupik, another Barre City police officer, was also present during this incident, and also kicked and beat him. (Complaint ¶ 21.) Mares states that "the excessive use of force by [Officers Winston and Stupik] caused [him] to suffer a severe concussion, bruised ribs, multiple lacerations and contusions, and a broken nose." (Complaint ¶¶ 18, 24.) As a result of the actions of Officers Winston and Stupik, Mares filed suit under

2

42 U.S.C. § 1983 for violation of his Fourth Amendment rights. He also filed actions for common law assault and battery. In addition to Winston and Stupik, Mares has named Barre City, the BCPD, and Timothy Bombardier, Chief of the Barre City Police Department, as defendants.

Mares commenced this action by serving Stupik and Barre City on June 14, 2011, prior to filing the Complaint in state court. Bombardier was served on June 21, 2011. It is unclear when and how the BCPD was served. However, on June 28, 2011, Defendants BCPD, Barre City, and Bombardier filed a notice of removal to this Court. Mares eventually filed his complaint in state court two days later, on June 30, and that complaint was received by this court—per the earlier notice of removal—on July 7, 2011. Defendant Stupik filed a notice of consent to removal on July 26, 2011.

Defendant Winston still has not been served in this matter. The Washington County Sheriff's Department has been unable to locate Winston, and reported in October of 2011 that it appeared that he was homeless. Mares's counsel attempted to serve Winston through the attorney representing him in a state criminal matter, but that attempt was unsuccessful.

3

**DISCUSSION**

**I. Defendant Barre City Police Department's Motion to Dismiss**

Defendant BCPD argues that the complaint against it should be dismissed because "the Police Department is merely an organizational division of the Town of [Barre] and thus not a suable entity." (Def. Barre City Police Department's Mot. to Dismiss 1.) The law on this issue is well-settled. It is true that "[a] municipality is subject to suit under 42 U.S.C. § 1983." *Obrien v. Barrows*, 2010 WL 5300812, *1 (D. Vt. Dec. 22, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). However, "[w]ith respect to municipal police departments . . . courts have widely held that they are not municipalities, and are not 'persons' within the meaning of Section 1983." *Id.* (citing cases). "[T]he Court is required by Fed. R. Civ. P. 17(b)(3) to look at Vermont law to determine whether a specific governmental entity has the capacity to be sued." *Id.* The *O'Brien* court observed that there is no "statute or ordinance in Vermont that permits a suit against a municipal police department." *Id.* at *2. "In the absence of a statute, and consistent with case law, this Court has consistently held that police departments in Vermont do not have the capacity to be sued." *Id.* (citing *Gorton v. Burlington Police Dep't,* 23 F. Supp.2d 454, 456 (D. Vt. 1998); *Hee v.*

*Everlof,* 812 F. Supp. 1350, 1351 (D. Vt. 1993)). Accordingly, BCPD's motion to dismiss is GRANTED.

**II. Plaintiff's Motion to Remand**

Mares argues this suit should be remanded to state court because Defendant Winston "has not been served, has received no notice of the Complaint or the other Defendants' notice to remove," and has not consented to removal. (Mot. to Remand 2.) The question is whether Winston's failure to consent to removal under these facts demands that the suit be remanded to state court.

"Removal is permissible only if all defendants named in the state action 'join' in the petition for removal. Furthermore, all defendants must join the petition within the thirty day time limit mandated by 28 U.S.C. § 1446(b)." *Pietrangelo v. Alvas Corp.*, No. 5:09-CV-68-cr, 2010 WL 3322711, *4 (D. Vt. March 11, 2010). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Neither the Supreme Court nor the Second Circuit have "determined when the 30-day removal period commences in a case with multiple defendants" with

varying service dates.  *Pietrangelo v. Alvas Corp.*, 664 F. Supp. 2d 420, 429 (D. Vt. 2009).  This Court, however, has ruled that in such cases the thirty-day removal period does not begin to run until after the last defendant has been formally served with process.  *Id*.  Moreover, "following the Supreme Court's decision in *Murphy Bros.*, district courts in this Circuit have generally applied the last-served defendant rule."  *Id*. (quoting *Barnhart v. Fed. Dep't Stores, Inc.,* 2005 WL 549712, at *6 (S.D.N.Y. Mar. 8, 2005)) (internal quotation marks omitted).  The "last-served defendant rule . . . provides every defendant with a uniform time in which to seek removal and ensures that no defendant is required to take any action in the litigation before that defendant has been served with the summons."  *Id*. (quoting *Barnhart,* 2005 WL 549712, at *6) (internal quotation marks omitted).

Applying the last-served defendant rule here, Winston's failure to consent to removal does not demand that this case be remanded to state court.  It is undisputed that Winston has not been formally served in this suit.  Therefore, the thirty-day period in which he may decide whether or not to consent to removal has not yet begun to run.  Remanding the case at this time would unfairly deprive Winston of his statutory right to removal.  Accordingly, Mares's request to remand this matter to state court is DENIED.

**III. Plaintiff's Motion to Enlarge Time for Service**

Finally, Mares moves for an enlargement of the time frame by which he may serve Winston, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). The Federal Rules require that a defendant be "served within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 6(b)(1)(A) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the cause with or without motion or notice if . . . a request is made, before the original time . . . expires." Fed. R. Civ. P. 6(b)(1)(A). However, Rule 4 specifically governs the service of process, and is the more appropriate rule under which to consider this motion. Rule 4(m) provides that "if the plaintiff shows good cause for the failure [of service], the court must extend time for service for an appropriate period." Fed. R. Civ. P. 4(m). Moreover, the Second Circuit has held that "district courts have discretion to grant extensions even in the absence of good cause," under Rule 4(m). *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

The facts of this case demonstrate that Mares has shown good cause for extending the time for service. The Washington County Sheriff's Department attempted to serve Winston but was unable to locate him, and reported to Mares's counsel that it appeared that Winston was homeless as of the time of Mares's

7

memorandum on this issue in early October. Mares's counsel then "forwarded all pleadings in this matter along with a request for waiver of service to an attorney who is representing Defendant Winston in a State Court criminal matter with a request that he forward the same to [Winston] and/or agree to accept service of it on [Winston's] behalf." (Mot. to Enlarge Time for Service or Leave to Serve by Publication 2.) Mares received no response to this request. To date, Winston has not been served. Because Mares has shown good cause for his failure to serve Winston, his motion for enlargement of time for service is GRANTED.

It has come to the Court's attention that Winston is scheduled to appear in Washington County Superior Court on April 10 and 11, 2012. Service may be attempted at that time, if not before. Accordingly, Plaintiff's time to serve Defendant Winston is extended until April 12, 2012. In light of Winston's likely appearance in state court, the request to serve by publication is DENIED.

**CONCLUSION**

For the reasons set forth above, Defendant Barre City Police Department's motion to dismiss the claims against it is GRANTED, Plaintiff's motion to remand this matter to state court is DENIED, Plaintiff's motion to enlarge time for service is GRANTED, and Plaintiff's motion to serve by publication is DENIED.

Dated at Burlington, Vermont this 8th day of March, 2012.

/s/ William K. Sessions III_
William K. Sessions III
District Judge